UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARISSE MATTHEWS,**

      **Plaintiff,**

v.                            Civil Action No.  3:21cv603

**EQUITYEXPERTS.ORG, LLC,**
**and**
**MICHAEL NOVAK,**

      **Defendants.**

## COMPLAINT AND JURY DEMAND

1. Plaintiff Charisse Matthews alleges that Defendant EquityExperts.Org, LLC, a Michigan-based collection agency, and its president, Defendant Michael Novak, have engaged and continue to engage in false and unfair means to collect consumer debt that Ms. Matthews has already paid to her homeowners' association, in violation of the prohibitions against abusive debt collection practices contained in the Fair Debt Collections Practices Act, 15 USC § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1391, and 15 U.S.C. §1692k(d). Venue in this District is proper because Defendants sent correspondence to Plaintiff into this District and Division, a substantial part of the events and omissions occurred in this District and Division, and because property that is the subject of this action is located in this District and Division.

## PARTIES

3. Plaintiff Charisse Matthews is a natural person who owns a home in North Chesterfield, Virginia.

4.       Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.       Defendant EquityExperts.Org, LLC, (hereinafter "Equity Experts") is a Michigan corporation, which has its principal place of business located at 400 Water Street, Suite 250, Rochester, Michigan 48307 and has as its registered agent Registered Agents, Inc., located at 4445 Corporation Lane, Suite 264, Virginia Beach, Virginia 23462.

6.       Defendant Michael Novak is the President and Registered Agent of EquityExperts.Org, LLC. He controls the day-to-day operations of EquityExperts.Org, LLC.

7.       Each Defendant is a debt collector that focuses on the collection of debts, including collection of delinquent homeowners' association fees.

8.       Each Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

9.       Each Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

10.      Defendants sent Plaintiff a form dunning letter[1] dated September 18, 2020 (the dunning letter), seeking to collect a debt allegedly due Beechtree Homeowners Association. The dunning letter is attached hereto as Exhibit A.

---

[1]    A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *DeCapri v. Law Offices of Shapiro, Brown & Alt*, 2014 U.S. Dist. Lexis 131979, * 1, n. 1 (E.D. Va. 2014); *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, *1, 2014 U.S. Dist. Lexis 30898, *3, (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

11. The alleged, and disputed, debt, claimed to be owed to a homeowners' association, was incurred primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

12. The body of Defendant's dunning letter in the form of Exhibit A reads in pertinent part as follows:

***EQUITYEXPERTS.ORG, LLC IS A DEBT COLLECTOR. THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.***

Dear Sir or Ma'am,

EquityExperts.org, LLC is a debt collector. We are attempting to collect a debt on behalf of THE BEECHTREE HOMEOWNERS ASSOCIATION (the "Association"). The debt relates to the property located at 3839 BELKER COURT and its membership in the Association.

Please be advised that we have informed the Association that your account them continues to have an unpaid status and that you have not entered into a satisfactory voluntary payment agreement. We continue to urge them to take more aggressive collection action to obtain payment on the debt and in the meantime we will continue to encourgage you to contact us to discuss a voluntary payment plan. The Association is considering all its legal options and until then, your monthly assessments will continue to become due, and if unpaid, the association may continue to assess late fees and ongoing collection costs to your account balance.

You still have an opportunity to resolve this matter without any further inconvenience or disruption. We encourage you to work with us to resolve this debt now and avoid any additional inconvenience or charges to your account. Please contact us at (855) 321-3973 to pay your balance or to discuss payment arrangements.

Thank you,

EquityExperts

*Note: For timely processing of your payment, it must be made out to Equity Experts and mailed to our address above. You may also call our office to pay by credit card.*

13. Equity Experts stated in the dunning letter that it had "informed the Association that your account (sic) them continues to have an unpaid status and that you have not entered into a satisfactory voluntary payment agreement."

14. Despite disputes with Equity Experts, Ms. Matthews made timely payments to the homeowners' association.

15. The dunning letter falsely represents to Ms. Matthews that she had "not entered into a satisfactory voluntary payment agreement."

16. Equity Experts and Ms. Matthews had entered into a satisfactory voluntary payment agreement.

17. The dunning letter unfairly attempted to collect amounts that it was not permitted by law to attempt to collect, because Ms. Matthews made timely payments as agreed to with Equity Experts.

18. After Ms. Matthews made timely payments as agreed to with Equity Experts, Equity Experts and the homeowners' association improperly handled Ms. Matthews' payments.

19. As a consequence, Ms. Matthews' timely payments were not credited to her account.

20. Equity Experts knew that Ms. Matthews had made timely payments as agreed.

21. Equity Experts should have known that Ms. Matthews had made timely payments as agreed.

22. Equity Experts knew that it had botched the accounting and collection as to Ms. Matthews' account.

23. Equity Experts should have known that it had botched the accounting and collection as to Ms. Matthews' account.

24. Equity Experts threatened in the dunning letter that "(T)he Association is considering all its legal options."

25. Equity Experts threatened in the dunning letter that while "(T)he Association is considering all its legal options," … "the association may continue to assess late fees and ongoing collection costs to your account balance."

26. The dunning letter is a form letter used routinely and regularly by Equity Experts.

27. Equity Experts continues to claim that Ms. Matthews owes money that she has paid.

28. Equity Experts' continuing acts and omissions in its handling of its attempts to collect purported homeowners' association debt from Ms. Matthews are consistent with allegations by the Temporary Commissioner of the Minnesota Department of Commerce Grace Arnold that EquityExperts is untrustworthy, incompetent or unqualified in its conduct of debt collection activities. The January 20, 2021 Consent Order is attached as Exhibit B.

29. Defendant Michael Novak personally designed, implemented, directed, and supervised Equity Experts' collection practices and policies, including the text of and the procedure for use of Exhibit A.

30. Defendant Michael Novak directed, operated, dominated, and controlled Equity Experts' finances in such an undercapitalized fashion as to justify disregarding Equity Experts' corporate identity, as Judge Turk stated in the FDCPA case of *West v. Costen*, 558 F.Supp. 564, (W.D.Va. 1983), "a victim of a statutory illegality … may be more entitled to pierce an undercapitalized corporation, because, unlike a contractual creditor, the former's dealings with the corporation are involuntary and uninformed." *Id*. at 586.

31. As a result of the Defendants' acts and omissions, Plaintiff has paid substantial sums of money that have not been credited as having been paid, is still being dunned for payment of money that she timely and voluntarily paid, and has suffered actual damages and injury, including but not limited to, stress, mental anguish and suffering, anxiety, fear of damage to their standing within their community, and emotional distress.

## COUNT ONE
**VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e, e(2)(A), e(5), and e(10)**

32. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendants have used and continue to use false, deceptive, or misleading representations or deceptive means to collect or attempt to collect a debt, and in so doing violated and continue to violate 15 U.S.C. §§ 1692 e, e(2)(A), e(5), and e(10).

34. Plaintiff is therefore entitled to recover actual and statutory damages against Defendants, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
**VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692f, and f(1)**

35. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36. Defendants have used and continue to use unfair or unconscionable means to collect or attempt to collect a debt, and in so doing has violated and continues to violate 15 U.S.C. § 1692 f and f(1)..

37. Plaintiff is therefore entitled to recover actual and statutory damages against Defendants, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff Charisse Matthews requests that the Court enter judgment against Defendants EquityExperts.Org, LLC and Michael Novak for:

    A.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    B.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    C.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

> Respectfully submitted,
> Charisse Matthews
> By Counsel

 /s/ _____
By: Dale W. Pittman, VSB#15673
Counsel for Plaintiff
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com